# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7541 | **DATE** | October 20, 2010 |
| **CASE TITLE** | US ex rel. Oliver vs. Hardy | | |

**DOCKET ENTRY TEXT**

We find that the Illinois courts' delay in deciding Oliver's petition to be both inordinate and unjustified. Accordingly, we will waive the application of the exhaustion requirement in this case. Respondent's motion (Doc [22]) to dismiss Oliver's petition is denied. Respondent has thirty (30) days from the date this order issues to submit its answer to Oliver's petition. Oliver will receive thirty (30) days to file his reply. The Court will rule by mail.

■[ For further details see text below.]        Docketing to mail notices.

### ORDER

     This case comes before the court on the motion of Respondent Anthony A. Ramos ("Ramos") to dismiss the petition for writ of habeas corpus filed by Petitioner Harold Oliver ("Oliver"). For the reasons stated below, the motion is denied.

     On April 18, 1991, a jury in the Circuit Court of Cook County convicted Oliver of armed robbery and aggravated criminal sexual assault. The trial judge sentenced Oliver to consecutive thirty- and sixty-year terms of imprisonment, respectively, on the armed robbery and sexual assault counts. Oliver appealed, and on June 30, 1994, the Illinois Appellate Court reversed for improper *voir dire* examination by the trial court and remanded the case for a new trial. *People v. Oliver*, 637 N.E.2d 1173, 1183 (Ill. App. Ct. 1994). After a retrial in 1997, Oliver was once more convicted of the same offenses and received the same sentences. Oliver appealed, and the Illinois Appellate Court affirmed on June 22, 1999. *People v. Oliver*, 713 N.E.2d 727, 739 (Ill. App. Ct. 1999). The Illinois Supreme Court denied Oliver's petition for leave to appeal on October 6, 1999.

     On February 1, 2000, Oliver filed a pro se petition for post-conviction relief in Cook County Circuit Court. On March 28, 2000, the post-conviction judge appointed the Cook County Public Defender's Office to represent Oliver. After four years of little to no progress in his petition, Oliver became unhappy with his representation by the Public Defender's Office and filed a "Motion to Proceed Pro Se With Appointment of Counsel" on February 20, 2004. The judge denied the motion and the Public Defender's office continued to represent Oliver. His post-conviction petition remains pending in the Cook County Circuit Court even though more than ten years have passed since Oliver initiated post-conviction proceedings.

# ORDER

On December 4, 2009, Oliver filed his petition for a writ of habeas corpus in this court. Ramos filed a motion to dismiss the petition for failure to exhaust state remedies on April 7, 2010. On June 14, 2010, we entered an order scheduling a hearing to assess the nature of the delay in the Illinois post-conviction court and appointed counsel for Oliver for this purpose. At the hearing, we received a variety of documentary evidence largely consisting of correspondence between Oliver and his appointed attorneys. We also heard testimony from Oliver and one of the Cook County Assistant Public Defenders appointed to represent him in the post-conviction trial court. Having examined the evidence introduced at the hearing, we now turn to the merits of Ramos' motion to dismiss for failure to exhaust administrative remedies.

Oliver maintains that he should be excused from fulfilling the exhaustion requirement in this case because of the Illinois courts' lengthy delay in resolving his post-conviction petition. Generally, a federal habeas petitioner must exhaust state remedies before a federal court will consider his claims. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). The exhaustion requirement may be waived, however, if circumstances exist that render the state's processes ineffective to protect the petitioner's rights. 28 U.S.C. § 2254 (b)(1)(B)(ii). Undue delay in state proceedings may demonstrate that state remedies are ineffective such that waiver of the exhaustion requirement is warranted. *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). To be undue, the delay must be of inordinate length and unjustified. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A delay may be characterized as unjustified when caused by the State and not the petitioner. *Lane v. Richards*, 957 F.2d 363, 365-66 (7th Cir. 1992).

Oliver contends that the delay in resolving his petition following the post-conviction trial court's denial of his motion to proceed pro se is both inordinate and unjustified. The post-conviction court denied Oliver's motion to proceed pro se on March 24, 2004, and has yet to render a decision on the merits of his petition; we find this six-year delay to be inordinate. *See Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (delay of three-and-a-half years is inordinate). Despite the length of the delay at issue, Ramos contends that exhaustion should not be waived because the court's inaction resulted from continuances requested by Oliver's attorney and cannot be attributed to the State. As a general matter, delays resulting from continuances requested by the petitioner's appointed counsel in the post-conviction court are attributed to the petitioner and may not be imputed to the State. *Richards*, 957 F.2d at 365. But this principle only applies when the state court affords the petitioner with the opportunity to dismiss his counsel in order to obtain a quicker resolution of his claims in state court. *See id.; see also Jenkins*, 8 F.3d at 508. In this case, Oliver tried to proceed pro se in order to avoid further delay but was rebuffed by the Illinois court. After the post-conviction court denied Oliver access to his sole means of achieving a speedier decision, he had no choice but to endure the further delays sought by his appointed counsel. Because the Illinois courts essentially compelled Oliver to accept the assistance of the Cook County Public Defender's Office, we decline to attribute delays occasioned by his counsel to him.

Ramos argues in response that we should not assign responsibility for the delay at issue to the State because Oliver did not file a motion to proceed pro se. "[F]ilings by pro se litigants should be liberally construed[.]" *Korsunskiy v. Gonzales*, 461 F.3d 847, 850 (7th Cir. 2006). Though Oliver styled his motion as a motion to proceed pro se with appointment of counsel, he clearly expressed in the text of his motion his frustration with his counsel's performance and his desire to quickly resolve his petition by proceeding pro se with the assistance of stand-by counsel. Oliver also testified that he intended his motion as a request for the assistance of stand-by counsel only. The text of Oliver's motion and his testimony regarding his intentions support our construction of his submission as a motion to proceed pro se.

## ORDER

We find that the Illinois courts' delay in deciding Oliver's petition to be both inordinate and unjustified. Accordingly, we will waive the application of the exhaustion requirement in this case. Ramos' motion to dismiss Oliver's petition is denied. Ramos has thirty days from the date this order issues to submit its answer to Oliver's petition. Oliver will receive thirty days to file his reply.

Dated: October 20, 2010

/s/ Charles P. Kocoras
**CHARLES P. KOCORAS**
**U.S. District Court Judge**