UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. HAROLD OLIVER, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | 09 C 7541 |
| MARCUS HARDY, Warden, Stateville Correctional Center, | ) ) ) | |
| Respondent. | ) ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on a petition for a writ of habeas corpus filed by Petitioner Harold Oliver ("Oliver") pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

## BACKGROUND

In 1991, a jury convicted Oliver in the Circuit Court of Cook County, Illinois, of armed robbery and aggravated criminal sexual assault. In 1994, the appellate court reversed Oliver's convictions and remanded the case for a new trial because the jury selection procedure did not ensure a fair and impartial jury. In 1997, in the Circuit Court of Cook County, a jury again convicted Oliver of armed robbery and aggravated criminal sexual assault. The Illinois trial court sentenced Oliver to consecutive terms of imprisonment for 30 and 60 years in the Illinois Department of Corrections. The

Illinois Appellate Court affirmed Oliver's convictions. On October 6, 2009, the Illinois Supreme Court denied Oliver's petition for leave to appeal and Oliver did not petition the United States Supreme Court for a writ of certiorari.

On February 1, 2000, Oliver filed a post-conviction petition in the Circuit Court of Cook County and subsequently filed two supplemental post-conviction petitions. Oliver's post-conviction petition remains pending in the Circuit Court of Cook County.

On December 4, 2009, this Court received Oliver's petition for a writ of habeas corpus, raising twenty-six claims. On April 7, 2010, Hardy moved to dismiss the petition because Oliver failed to exhaust his state court remedies. On October 20, 2010, this Court denied Hardy's motion to dismiss and excused Oliver from satisfying the exhaustion requirement in this case because the Illinois courts' delay in deciding Oliver's petition was both inordinate and unjustified. *United States ex rel. Oliver v. Hardy*, 09-cv-7541, Dkt. No. 48.

## LEGAL STANDARD

The procedural default doctrine precludes a federal court from reaching the merits of a habeas claim if the claim was not presented to the state courts and the state courts would now hold the claim procedurally barred. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In other words, when the habeas petitioner has failed to present to the state courts the claim on which he seeks relief in federal court and the

opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *Id.* A court, however, may excuse a petitioner's procedural default if the petitioner demonstrates either cause for the default and resulting prejudice or that a miscarriage of justice will result if the court fails to consider the claim on the merits. *Id.*

**DISCUSSION**

**I.     This Court Denies Oliver's Habeas Petition**

Oliver's habeas petition is based on the following grounds: (1) Oliver is actually innocent; (2) Oliver's due process rights were violated because the State knowingly used perjured testimony; and (3) the state court improperly instructed the jury regarding the evaluation of eyewitness identification testimony.[1] While both parties agree these claims are procedurally defaulted, Oliver maintains that this Court must review the claims to avoid a miscarriage of justice.

If the petitioner seeks to overcome the procedural default by establishing a miscarriage of justice, the petitioner must present new, reliable evidence which demonstrates that he or she is actually innocent. *Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009) (citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). The petitioner must

---

[1] Oliver initially raised twenty-six claims in his habeas petition. Hardy maintains that all of Oliver's claims are either procedurally defaulted or meritless. Because Oliver agrees that the majority of the claims are "ultimately doomed," Oliver now relies on only three claims originally discussed in his habeas petition.

establish that, in light of the new evidence, no juror could reasonably find petitioner guilty beyond a reasonable doubt. *Id.* Without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim. *Schlup*, 513 U.S. at 316; *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). Since Oliver has not presented us with any new evidence, he cannot demonstrate his eligibility for the fundamental miscarriage of justice exception. *See, e.g., United States ex rel. Adams v. Dawson*, 2011 WL 760081, at *3 (N.D. Ill. Feb. 25, 2011) (Kocoras, J.) (holding that petitioner procedurally defaulted his jury instruction claim and did not qualify for an exception to the procedural default rule). Accordingly, Oliver's claims are procedurally defaulted and this Court denies his habeas petition.

## II. This Court Declines to Issue a Certificate of Appealability

According to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [petitioner]." A district court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Specifically, when a district court denies a habeas petition on procedural grounds, the petitioner must satisfy two threshold inquiries and show that jurists of reason would find it debatable:

(1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court addresses only the second threshold inquiry. Oliver cannot show that reasonable jurists would find the correctness of this Court's procedural ruling debatable. As discussed above, Oliver's claims are procedurally defaulted and Oliver presents no new evidence of his innocence to demonstrate his eligibility for the miscarriage of justice exception to the procedural default rule. Because Oliver cannot satisfy the second inquiry, this Court need not address the first. *Id.* at 485 (encouraging courts to first resolve procedural issues and restrain from unnecessarily resolving constitutional questions). This Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, this Court denies Oliver's petition for a writ of habeas corpus and declines to issue a certificate of appealability.

_____
Charles P. Kocoras
United States District Judge

Dated:   May 26, 2011