# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7541 | **DATE** | July 28, 2011 |
| **CASE TITLE** | US ex rel. Harold Oliver vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

This Court declines to issue a certificate of appealability.

■ [ For further details see text below.]

Docketing to mail notices.

## ORDER

This case comes before the Court on the application of Petitioner Harold Oliver ("Oliver") for a certificate of appealability. For the reasons stated below, the application is denied.

In 1991, a jury convicted Oliver in the Circuit Court of Cook County, Illinois of armed robbery and aggravated criminal sexual assault. In 1994, the appellate court reversed Oliver's convictions and remanded the case for a new trial because the jury selection procedure did not ensure a fair and impartial jury. In 1997, a jury in the Circuit Court of Cook County again convicted Oliver of armed robbery and aggravated criminal sexual assault. The Illinois trial court sentenced Oliver to consecutive terms of imprisonment for thirty and sixty years in the Illinois Department of Corrections. The Illinois Appellate Court affirmed Oliver's convictions. On October 6, 2009, the Illinois Supreme Court denied Oliver's petition for leave to appeal. Oliver did not petition the United States Supreme Court for a writ of certiorari.

On February 1, 2000, Oliver filed a post-conviction petition in the Circuit Court of Cook County and subsequently filed two supplemental post-conviction petitions. Oliver's post-conviction petition remains pending.

On December 4, 2009, this Court received Oliver's petition for a writ of habeas corpus, raising twenty-six claims. On April 7, 2010, Marcus Hardy ("Hardy"), the Warden of the Stateville Correctional Center, moved to dismiss the petition because Oliver failed to exhaust his state court remedies. On October 20, 2010, this Court denied Hardy's motion to dismiss and excused Oliver from satisfying the exhaustion requirement in this case because the Illinois courts' delay in deciding Oliver's petition was both inordinate and unjustified. *United States ex rel. Oliver v. Hardy*, No. 09-cv-7541 (N.D. Ill. Oct. 20, 2010).

# ORDER

On May 26, 2011, this Court denied Oliver's petition for a writ of habeas corpus and declined to issue a certificate of appealability. *United States ex rel. Oliver v. Hardy*, No. 09-cv-7541, 2011 WL 2111897 (N.D. Ill. May 26, 2011). The Court denied Oliver's habeas petition because his claims were admittedly procedurally defaulted and Oliver had not presented any new evidence to demonstrate his eligibility for the miscarriage of justice exception. *Id.* Oliver now asks this Court, for a second time, to issue a certificate of appealability on his claim that the state court improperly instructed the jury regarding the evaluation of eyewitness identification testimony. Without citing any authority, Oliver argues that the erroneous jury instruction given at his trial is analogous to new, reliable evidence which demonstrates that Oliver is actually innocent.

According to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the [petitioner]." A district court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253©. Specifically, when a district court denies a habeas petition on procedural grounds, the petitioner must satisfy two threshold inquiries and show that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court addresses only the second threshold inquiry. Oliver cannot show that reasonable jurists would find the correctness of this Court's procedural ruling debatable. As discussed in our May 26, 2011 Memorandum Opinion, Oliver's jury instruction claim is procedurally defaulted and Oliver presents no new evidence of his innocence to demonstrate his eligibility for the miscarriage of justice exception to the procedural default rule. Further, this Court found no case, and Oliver cites none, which holds that an erroneous jury instruction is analogous to new, reliable evidence. Because Oliver cannot satisfy the second inquiry for a certificate of appealability, this Court need not address the first. *Slack*, 529 U.S. at 485 (encouraging courts to first resolve procedural issues and restrain from unnecessarily resolving constitutional questions). Accordingly, this Court declines to issue a certificate of appealability.

Dated: July 28, 2011

CHARLES P. KOCORAS
U.S. District Court Judge